UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOHAMED A MOHAMED,

    Plaintiff,

-vs-                                    CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION
SOLUTIONS INC., and
TRANS UNION LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MOHAMED A MOHAMED (hereinafter "Plaintiff"), sues Defendants EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and TRANS UNION LLC., ("Trans Union") (hereafter collectively "Defendants") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Orange County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

10. Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

11. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12. Experian is a corporation incorporated under the State of California, authorized to do business in the State of Florida, through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

13. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

14. Experian disburses such consumer reports to third parties under contract for monetary compensation.

15. Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

16. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

17.   Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

18.   Plaintiff has been subjected to series of theft and/or mixed file issues for several years. As a result, he has been actively disputing the erroneous account issues with various banking institutions and the Defendants since 2020.

19.   Plaintiff obtained a copy of his credit reports from the Defendants on March 7, 2023 and confirmed that despite Plaintiff's best efforts in clearing his name and rectifying his credit, one inaccurate account remained.

20.   Upon review of his Equifax and Experian credit reports, there is a Bank of America partial account number 440066970913xxxx with an account status as "PAYS_AS_AGREED" with a zero balance.

21.   As to his Trans Union credit report, they are reporting the aforementioned account with a pay status as "Current" and a zero balance, but with a 30-day late notation in May of 2018. This negatively affects Plaintiff's credit score.

22. On March 16, 2023, in response to the inaccurate reporting of the Bank of America partial account number 440066970913xxxx, Plaintiff mailed a detailed dispute letter to the Defendants. In the letter Plaintiff explained that he has either been a victim of identity theft or a mixed file for several years, which resulted in being denied several lines of credit. He asserted that the Bank of America account did not belong to him. In the dispute letter, Plaintiff included images of his credit report and his driver's license and social security card to confirm his identity.

23. The dispute letters were mailed via USPS Certified Mail, Equifax (9505 5132 4939 3075 2470 70), Experian (9505 5132 4939 3075 2470 94), and Trans Union (9505 5132 4939 3075 2470 56).

24. On March 26, 2023, Equifax responded to Plaintiff's dispute by modifying the Bank of America partial account number 440066970913xxxx and continued to list it on Plaintiff's credit report.

25. On March 29, 2023, Experian responded to Plaintiff's dispute by stating, "This item was not changed as a result of our processing of your dispute."

26. On March 29, 2023, Trans Union responded to Plaintiff's dispute by stating, "The disputed item was verified as accurate."

27. The Defendants have never attempted to contact the Plaintiff about his disputes, and he continues to suffer as of the filing of this Complaint with the Defendants' reluctance to conduct a thorough investigation.

28. The Defendants simply continue to parrot off the back of the furnisher and has not conducted an actual investigation despite Plaintiff's many pleas.

29. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;
   ii. Loss of time attempting to cure the errors;
   iii. Mental anguish, tarnished reputation, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;
   iv. Reduction in credit score;
   v. Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
### Violation of 15 U.S.C § 1681e(b)-
### As to Defendant, Equifax

30. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

31. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Equifax allowed Bank of America to report inaccurate information on his credit report. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

32. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and fear of applying for credit.

33. Equifax's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 USC § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Equifax, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C § 1681i-
### As to Defendant, Equifax

35. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

36. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

37. Equifax's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

38. Equifax took no independent action to investigate the dispute. Equifax received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the furnisher.

39. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Equifax, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### COUNT III
### Violation of 15 U.S.C § 1681e(b)-
### As to Defendant, Experian

40. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

41. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Experian allowed Bank of America to report inaccurate information on his credit report. Experian prevents its agents from calling consumers (like Plaintiff)

during the dispute process or from calling witnesses with knowledge about the dispute.

42. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and fear of applying for credit.

43. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 USC § 1681o.

44. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Experian, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
**Violation of 15 U.S.C § 16811i- As to**

## Defendant, Experian

45. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

46. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

47. Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

48. Experian took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the furnisher.

49. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Experian, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**COUNT V**
**Violation of 15 U.S.C § 1681e(b)-**
**As to Defendant, Trans Union**

50. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

51. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Trans Union allowed Bank of America to report inaccurate information on his credit report. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

52. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and fear of applying for credit.

53. Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 USC § 1681o.

54. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Trans Union, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of 15 U.S.C § 16811i- As to
### Defendant, Trans Union

55. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

56. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable

procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

57. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

58. Trans Union took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the furnisher.

59. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 13th day of April 2023.

Respectfully submitted,

/s/Octavio Gomez
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*